UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>JUSTIN RAY SLONE,<br>    Defendant. | CRIMINAL NO. 7:17-11-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

Defendant Justin Ray Slone requests (DE 64) compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 64). For the following reasons, the Court will deny the motion.

Slone pleaded guilty to being a felon in possession of a firearm. (DE 56, Judgment.) By judgment dated May 8, 2018, the Court sentenced Slone to 52 months of imprisonment. He is currently incarcerated at FCI Beckley. His projected release date is June 7, 2021.

He now moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states he has high blood pressure and has had a collapsed lung.

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, the time has passed for the government to invoke the condition and it has not done so.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. However, the defendant must be suffering from a "terminal illness," or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide

self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Slone does not assert, nor is there an evidence in the record, that he has a terminal illness as defined under the policy statement. Nor does he assert that he has a permanent impairment that has substantially diminished his ability to provide self-care within the prison environment.

The policy statement also has a catchall provision that provides that undefined "other reasons" may exist that constitute an extraordinary and compelling reason to modify a sentence. These "other reasons" may only be "determined by the Director of the Bureau of Prisons." U.S. Sentencing Guidelines Manual § 1B1.13 n.1. This Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement. *See United States v. Lynn*, No. Criminal No. 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019).

Even if Slone established "extraordinary and compelling reasons" warranting a reduction in his sentence, the court may still only grant compassionate release if "the factors set forth in section 3553(a) to the extent that they are applicable" support the reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020). These factors include, among other things: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the sentencing range for the applicable category of offense; and (3) the need for the sentence imposed to adequately deter criminal conduct, to protect the public from the defendant's further crimes, and to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The court must also find that the defendant "is not a danger to the safety of any other

person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13 (referencing 18 U.S.C. § 3142(g)).

The Court finds that the factors under 18 U.S.C. § 3553(a) do not support Slone's release. His offense is a serious one. He unlawfully possessed multiple firearms. He had a lengthy criminal history prior to this offense that includes assault, theft, wanton endangerment, and evading police. The Court has also considered the need for Slone's prison term to deter future criminal conduct, protect the public, promote respect for the law, and provide just punishment. Moreover, the Court cannot find that Slone does not pose a danger to the safety of any person or the community.

Accordingly, the Court hereby ORDERS that Slone's motion for compassionate release (DE 64) is DENIED.

Dated October 05, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY